# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3031

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jonathon Patrick Curry, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 13, 2010
Filed: December 6, 2010

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jonathon Curry appeals his conviction under 18 U.S.C. § 2250, for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16991. He also appeals certain special conditions of supervised release imposed by the district court. We affirm the conviction, vacate some of the special conditions, and remand for resentencing.

In 2002, a Nevada court convicted Curry of attempted lewdness with a child under fourteen years of age and sentenced him to 120 months' imprisonment. He was released in November 2007, and signed a Lifetime Supervision Agreement. The

agreement directed Curry to comply with all sex offender registration requirements wherever he resided. Curry initially registered as a sex offender in Nevada, but later moved to Arkansas. Law enforcement agents determined that Curry was living in Arkansas in late 2008 and early 2009 without having registered as a sex offender in that State.

In February 2009, a grand jury indicted Curry on one count of knowingly failing to register as a sex offender as required by SORNA, in violation of 18 U.S.C. § 2250. Under SORNA, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). It is a federal offense for a person who is required to register under SORNA to travel in interstate commerce and to fail knowingly to register or update a registration as required by SORNA. *See* 18 U.S.C. § 2250(a).

Curry moved to dismiss the indictment, asserting that § 2250 and SORNA's registration requirements violated the Constitution. The district court denied Curry's motion, and Curry entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to dismiss. The district court sentenced Curry to 24 months' imprisonment and a life term of supervised release.

Curry first argues that the district court erred in denying his motion to dismiss the indictment. He contends that Congress lacked authority to enact SORNA, that his conviction violates the Due Process Clause because he lacked adequate notice of SORNA's registration requirements, and that SORNA's delegation of authority to the Attorney General to issue regulations under 42 U.S.C. § 16913(d) violates the non-delegation doctrine. Curry concedes that his arguments are foreclosed by this court's precedents, which hold that Congress had authority under the Commerce Clause and the Necessary and Proper Clause to enact 42 U.S.C. § 16913, *United States v. Howell*, 552 F.3d 709, 717 (8th Cir.), *cert. denied*, 129 S. Ct. 2812 (2009), and under the

Commerce Clause to enact 18 U.S.C. § 2250, *United States v. May*, 535 F.3d 912, 921-22 (8th Cir. 2008), that application of SORNA to an offender given notice to comply with state-law registration requirements does not violate the Due Process Clause, *United States v. Baccam*, 562 F.3d 1197, 1199-1200 (8th Cir.), *cert. denied*, 130 S. Ct. 432 (2009); *May*, 535 F.3d at 921, and that an offender who was able to comply with 42 U.S.C. § 16913(b)'s initial registration requirement lacks standing to challenge SORNA's delegation of authority to the Attorney General to issue regulations under § 16913(d). *United States v. Zuniga*, 579 F.3d 845, 850-51 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3384 (2010); *May*, 535 F.3d at 918-21. Curry raises these points to preserve them for further review, but we are bound by our prior panel decisions. *See Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000).

Curry also challenges three special conditions of supervised release imposed by the district court, having withdrawn at oral argument his challenge to conditions numbered 1 and 8. The government concedes that the district court abused its discretion by imposing special conditions 5 and 6, which limit Curry's access to computers and the Internet, because "[a]lthough Curry has a history of sexual misconduct with minors, the record is devoid of evidence that he has ever used a computer for any purpose." These special conditions are therefore vacated.

The remaining dispute relates to special condition 4, which prohibits Curry from "possessing pornography in any form." Curry did not challenge the district court's imposition of this condition at sentencing, so we review the decision for plain error. *See United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003). To qualify for relief under this standard, the appellant must show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

On this record, we conclude that the district court's imposition of special condition 4 without explanation was plain error that warrants relief. In *United States v. Bender*, 566 F.3d 748 (8th Cir. 2009), we vacated a special condition that banned a sex offender from possessing "sexually stimulating materials," because the district court considered the defendant only as part of a class of sex offenders, and failed to make particularized findings about the appropriateness of the special condition for that specific defendant. *Id*. at 752. Because the district court failed to comply with the rule that an inquiry about special conditions "'must take place on an individualized basis,'" *id*. (quoting *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006)), this court remanded for additional findings of fact and resentencing.

The district court's imposition of special condition 4 in this case suffers from the same flaw. The Presentence Investigation Report did not discuss pornography or recommend a special condition of supervised release banning pornography, and the district court did not explain why it prohibited Curry from possessing pornography as a special condition of supervised release. We do not foreclose the imposition of such a condition in a SORNA case, but as in *Bender*, the district court simply failed to make the individualized findings necessary to ensure that the special condition satisfies the statutory requirements. *See* 18 U.S.C. § 3583(d); *United States v. Crume*, 422 F.3d 728, 732-33 (8th Cir. 2005). The procedural error is thus plain under current law.

We also think Curry satisfies the remaining requirements for plain error relief. Although we have upheld restrictions on the possession of pornography against First Amendment challenges, *see United States v. Simons*, 614 F.3d 475, 483 (8th Cir. 2010), and held that such a condition is not overly broad where a defendant with a history of sexual offenses is convicted of producing child pornography and the court desires to deter the defendant's past conduct in the future, *see United States v. Boston*, 494 F.3d 660, 667-68 (8th Cir. 2007), Curry was convicted in the instant case of a registration offense, not a sexual exploitation offense, and given the factual

distinctions from our precedent, we think there is at least a "reasonable probability" (i.e., less than a probability, *see United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)) that the court may have omitted the special condition if the court had followed the requirement of *Bender* to provide an individualized explanation for the restriction. *See United States v. Perraza-Mercado*, 553 F.3d 65, 78 (1st Cir. 2009). Because there is a complete lack of explanation for imposition of the condition, the error also substantially affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 79. We therefore vacate special condition 4. On remand, the parties may seek to present evidence relating to this special condition, and the court should make particularized findings about any special condition that is imposed.

The judgment of the district court is affirmed in part and vacated in part. The special conditions of supervised release numbered 4, 5, and 6 are vacated, and the case is remanded for resentencing.

_____