# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3192

_____

United States of America,            *
                                     *
          Appellee,           *
                                     *    Appeal from the United States
      v.                       *    District Court for the
                                     *    Eastern District of Arkansas.
Christopher Wiedower,           *
                                     *
          Appellant.          *

_____

Submitted: November 15, 2010
Filed: February 16, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pursuant to a written plea agreement, Christopher Wiedower ("Wiedower") pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252. The district court sentenced Wiedower to forty-one months of incarceration, followed by five years of supervised release. Wiedower appeals five conditions of his supervised release. We affirm in part and reverse in part.

I.

On February 23, 2006, FBI agents contacted Wiedower regarding the use of Wiedower's credit card to try to access a child pornography website in July of 2001. During the ensuing conversation, Wiedower consented to the search of his computer. The government subsequently searched the computer and found two images and three short videos of child pornography. More specifically, the government found one lascivious image of a naked prepubescent minor and one image and three videos of prepubescent minors engaging in sexual acts with adults. When confronted, Wiedower stated that he received the images in a fetish chat room and that he looked for additional child pornography "about every two weeks." Wiedower also stated that he had been looking at child pornography for about a year. Wiedower denied, however, that he ever used his credit card to access any child pornography sites, claiming that any such charges were unauthorized. Wiedower further denied ever distributing any child pornography. Finally, Wiedower denied any direct sexual contact with minors and asserted that he had replaced child pornography with online gaming.

On September 3, 2009, after pleading guilty to one count of possession of child pornography, Wiedower appeared before the district court for sentencing. At the sentencing hearing, the district court rejected Wiedower's request for probation and sentenced him to forty-one months of incarceration. The district court also imposed five years of supervised release with numerous conditions of supervision, including: (1) a requirement that Wiedower participate in sexual-offender treatment, which would involve submitting to polygraph testing; (2) a ban on the use of any computer, whether connected to the internet or not, without the prior approval of the probation office; (3) a ban on any online gaming unless "otherwise indicated in the sex offender treatment plan"; (4) a ban on possessing or viewing any "form of media containing pornographic images or sexually explicit material"; and (5) a ban on contacting any minors without prior approval or entering any place "where children frequently

congregate," such as theaters and theme parks.  Wiedower subsequently objected to both the condition on sex-offender treatment and "anything regarding the computer internet access."  The district court summarily overruled the objections.  Thereafter, the district court concluded the hearing.

## II.

Wiedower now appeals the imposition of these five conditions of supervised release, arguing that each condition is not reasonably related to the sentencing factors articulated by Congress in 18 U.S.C. § 3553(a).  Wiedower also challenges each condition on the ground that the district court failed to provide sufficient individualized findings.  We agree in part and address each of the conditions in turn.

The district court enjoys broad discretion when imposing conditions of supervised release, provided that each condition: "1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission."  United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009) (internal quotation marks omitted).  "Among the purposes set forth in § 3553(a) are deterrence, protection of the public, and effective provision, in the most effective manner, of needed educational or vocational training, medical care, or other correctional treatment to the defendant."  United States v. Mark, 425 F.3d 505, 507 (8th Cir. 2005).  When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as "to ensure that the special condition satisfies the statutory requirements."  United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010).  The district court "may not impose a special condition on all those found guilty of a particular offense."  United States v. Davis, 452 F.3d 991, 995 (8th Cir. 2006).

A.

Wiedower first challenges the condition of supervised release requiring him to participate in sexual-offender treatment and submit to polygraph testing. Since Wiedower objected to this condition at the time of sentencing, we review its imposition for abuse of discretion. United States v. Simons, 614 F.3d 475, 478 (8th Cir. 2010). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010) (internal quotation marks omitted).

Wiedower argues that the district court abused its discretion in imposing this condition because: "Other than the nature of his conviction, the record is void of any evidence indicating sexual offender treatment and polygraph testing is warranted." Wiedower further argues that the district court ordered sex-offender treatment without making any individualized findings that such treatment would serve the purposes of § 3553(a). Instead, Wiedower asserts, the district court imposed this condition on him based upon a generalized assessment of sex offenders. We disagree.

"In order to impose a condition of participation in mental health treatment, the district court must have reason to believe the defendant needs such treatment." United States v. Conelly, 451 F.3d 942, 945 (8th Cir. 2006). Here, the district court found that Wiedower was in need of sex-offender treatment because of Wiedower's level of addiction to child pornography, stating:

> So I've taken that into account in looking at Mr. Wiedower's particular circumstance. He didn't have the enormous number of images that some defendants have had. On the other hand, he said that he had been looking at them regularly for a year, and there's some evidence, since he

had the credit card charge back to 2001, that it is a more deeply rooted problem for him than might otherwise be the case. And I do think that he needs correctional treatment to help him deal with that problem. And I don't think it's easy for someone who has that particular sexual attraction to overcome it.

The evidence before the district court supports this finding. Beyond the facts the district court mentioned, Wiedower admitted to receiving the child pornography while in a fetish chat room and while engaged in conversations over Yahoo messenger, thereby indicating that Wiedower had digressed into contacting others personally to obtain more child pornography. Additionally, the substantial youth of the prepubescent minors in the images and videos found on Wiedower's computer reveal a heightened need for mental-health treatment. Moreover, while the district court did not make any specific findings on the need for polygraph testing, the district court did, in the preceding excerpt, indicate that Wiedower was not being candid about his level of involvement with child pornography and that this lack of candor was a factor in crafting Wiedower's sentence. The record strongly supports the district court's conclusion, and we believe that the district court's analysis is sufficient to sustain the polygraph-testing requirement. Accordingly, we find that the district court did not abuse its discretion in ordering sex-offender treatment with polygraph testing.

B.

Wiedower next challenges the broad ban on his use of a computer and the more specific prohibition on online gaming. Since Wiedower objected to these conditions through challenging any "internet" restrictions, we also review these two conditions for abuse of discretion.

Wiedower argues that the district court abused its discretion in restricting the use of computers and the internet because these conditions are not reasonably related

-5-

to the sentencing factors in § 3553(a). According to Wiedower, the record only establishes that he used his computer to receive and possess child pornography, which is insufficient to justify such expansive computer and internet restrictions under United States v. Crume, 422 F.3d 728 (8th Cir. 2005). Wiedower also argues that the district court failed to conduct an individualized analysis as to whether such bans were appropriate, claiming that the district court treated the restrictions as "*de facto* standard conditions" of supervised release for any case involving child pornography.

The government, on the other hand, argues that these conditions were "necessary, proper, and well within the district court's discretion given Wiedower's conduct and history." More specifically, the government argues that Crume does not control because Wiedower did more than just possess child pornography. Instead, the government claims, Wiedower actively used his computer to seek out and receive pornography since 2001. The government further argues that these restrictions do not constitute a greater deprivation of Wiedower's rights than necessary because Wiedower is still permitted to use computers and the internet, provided that he obtain prior written approval. Finally, the government maintains that the district court did conduct an individual inquiry, citing the foregoing excerpt of the sentencing transcript.

We agree with Wiedower. In Crume, this court struck down a ban prohibiting a defendant from using a computer or the internet without the prior approval of the probation office, where the defendant was solely convicted of knowingly receiving and possessing child pornography. 422 F.3d at 733. We did so despite the defendant's "grievous" history of sexual misconduct because, without any evidence that the defendant had used his computer "for anything beyond simply possessing child pornography," we could not justify such a broad ban on an "important medium of communication, commerce, and information-gathering." Id. In contrast, we have repeatedly affirmed "computer and internet restrictions where the defendant sold, transferred, produced, or attempted to arrange sexual relations with minors." Bender,

566 F.3d at 751 (collecting cases). Here, the record only shows that Wiedower used his computer to receive and access child pornography, which under Crume is insufficient to sustain a broad computer and internet ban. Additionally, since we can find nothing in the record to suggest that the district court conducted an individualized inquiry into the appropriateness of the computer and internet restrictions, we also vacate the district court's more specific ban on online gaming.

In reaching this conclusion, we reject the government's arguments. Relying on United States v. Ristine, the government asserts that restrictions on computer and internet access are appropriate if the defendant does more than "merely possess child pornography," which Wiedower did by frequently using his computer to receive illicit images for years. 335 F.3d 692, 696 (8th Cir. 2003). However, Ristine is not controlling because, unlike Wiedower, the defendant in Ristine distributed child pornography over the internet and attempted to arrange sexual relations with minors. Id. Instead, we find Crume controlling because, like the defendant in Crume, Wiedower simply used his computer to receive and possess child pornography. 422 F.3d at 733. The mere fact that Wiedower may have done so frequently or for an extended period of time does not change our conclusion.

The government also argues that the computer and internet restrictions are appropriate because the restrictions are narrowly tailored, as the restrictions allow Wiedower to use any electronic device with prior approval from the probation office. However, Crume, with a similar prior-approval provision, forecloses this argument, at least where the defendant only received and possessed child pornography. Id.

Finally, the government argues that the district court did conduct an individualized inquiry into the facts and circumstances underlying Wiedower's case and crafted the computer and internet restrictions after observing the hold child pornography has over Wiedower. For support, the government references the district court's statements in the foregoing excerpt. However, we disagree because the district

court did not articulate any findings or reasoning that would take Wiedower's case outside of the control of Crume. Further, the district court did not explain why a specific restriction on online gaming was necessary, even though the only evidence in the record suggested that Wiedower was attempting to replace child pornography with online gaming. Accordingly, we reverse the computer and internet restrictions, including the more specific prohibition on online gaming, and remand this case for the district court to create a more narrowly tailored ban, if the district court deems one necessary after conducting an individualized inquiry.

C.

Wiedower next challenges the restriction on possessing any form of pornography or sexually explicit material. Since Wiedower failed to object to this condition at the time of the sentencing hearing, we review it for plain error.[1] Curry, 627 F.3d at 314. "To qualify for relief under this standard, the appellant must show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 314–15 (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

Wiedower argues that the district court plainly erred by imposing the ban on sexually explicit material because the facts of his case do not warrant such a ban. Drawing a factual distinction between himself and the defendant in Ristine, where this circuit affirmed such a ban, Wiedower asserts that such a ban is unnecessary because it will neither promote his rehabilitation nor protect the community. Wiedower further argues that the district court failed to make any individualized findings supporting the

---

[1]Wiedower argues that the court should "relax the otherwise rigorous standards of plain error review to correct sentencing errors." United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002). As Wiedower acknowledges, however, we have already rejected such an invitation. Ristine, 335 F.3d at 694.

imposition of the ban, thereby revealing that the district court imposed the restriction because of Wiedower's membership in a "particular class" of offenders. We disagree.

"Prohibitions on the possession of pornographic materials are not unusual special conditions." Simons, 614 F.3d at 483. Despite some reservations about the breadth and vagueness of such restrictions, we have repeatedly upheld bans on the possession of pornography and other sexually explicit material. United States v. Stults, 575 F.3d 834, 854–55 (8th Cir. 2009) (affirming such a condition for a defendant who was convicted of possession of child pornography and who had previously been convicted of attempted sexual assault of a minor). In Ristine, for example, we held that a district court did not commit plain error in banning the defendant from possessing "any pornographic materials" because the ban was "appropriately tailored to serve its dual purposes of promoting [the defendant's] rehabilitation and protecting children from exploitation," given the defendant's "obsession with or addiction to child pornography." 335 F.3d at 694–95. As stated earlier, the defendant in Ristine had distributed child pornography and attempted to arrange sexual relations with minors. Id. at 696. Similarly, in United States v. Boston, we held that a district court did not abuse its discretion in prohibiting a defendant from possessing pornography or any "sexually oriented material" because of the defendant's "history of sexual offenses and the desire to deter him from this conduct in the future." 494 F.3d 660, 667–68 (8th Cir. 2007). In Bender, however, "we vacated a special condition that banned a sex offender from possessing 'sexually stimulating materials,' because the district court considered the defendant only as part of a class of sex offenders, and failed to make particularized findings about the appropriateness of the special condition for that specific defendant." Curry, 627 F.3d at 315 (quoting Bender, 566 F.3d at 752). We did so again in Curry, finding that the district court plainly erred by failing to explain why it restricted a defendant, convicted solely of failing to register as a sex offender, from "possessing pornography in any form." Id.; see also United States v. Kelly, 625 F.3d 516, 520 (8th Cir. 2010).

In this case, the district court was well within its discretion to prohibit Wiedower from possessing pornography or sexually explicit material because the record supports the district court's conclusion that Wiedower had a deeply rooted affinity for child pornography, as discussed earlier. While the government did not show that Wiedower ever crossed the line from merely accessing child pornography to distributing it or seeking out minors, as the defendant in Ristine did, we still believe that a restriction on Wiedower would likely facilitate his rehabilitation and protect the community by reducing the chance he will relapse into this dark world. 335 F.3d at 694–95. Since we believe it was within the district court's discretion to ban pornography given the facts of this case, we cannot conclude that the district court committed plain substantive error in doing so.

We also conclude that the district court did not commit plain procedural error. While the district court did not specifically explain why it banned Wiedower from all forms of pornography or sexually explicit material, the district court did make individualized findings prior to imposing the sentence. The district court found that Wiedower had a deeply rooted affinity for child pornography, and the district court did state that this finding played a role in crafting Wiedower's subsequent sentence. Even without any further justification for the ban in the Presentence Investigation Report, we believe that the district court's explanation is sufficient under the plain error standard of review. Indeed, Wiedower's case is unlike the circumstances in Bender, where the district court expressly relied on general stereotype when imposing pornography restrictions. 566 F.3d at 752 (stating, for example, "I think a sex offender doesn't have any business looking at *Playboy* magazine"). Wiedower's case is also unlike Curry, where the district court seemingly failed to provide *any* individualized findings. 627 F.3d at 315. Additionally, even if the district court committed plain error, Wiedower has failed to show that the error seriously affected the fairness, integrity, or public reputation of the proceedings, given the specific facts of his case. Accordingly, we affirm the pornography and sexually explicit material restrictions.

D.

Wiedower further challenges the condition restricting his contact with minors and entering areas where children frequently play. The condition states, in its entirety:

> 23) The defendant may have no direct contact with minors (under the age of 18) without written approval of the probation officer and must refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

Since Wiedower failed to object to this condition at the sentencing hearing, we again review it for plain error. Curry, 627 F.3d at 314.

Wiedower argues that the district court plainly erred in imposing this condition because it is more burdensome than necessary. Wiedower specifically takes issue with the apparent absolute prohibition on entering areas minors congregate, claiming that he will be unable to attend church or enter restaurants such as McDonald's. Wiedower also claims that the court failed to conduct an individualized inquiry. We disagree.

Prohibitions on contacting minors and entering places frequented by minors are also increasingly common for defendants convicted of sex crimes involving children. In United States v. Kerr, for example, we affirmed conditions restricting a defendant, convicted of possessing and distributing child pornography, from contacting minors or entering areas where minors congregate without first obtaining the approval of the probation office. 472 F.3d 517, 521–23 (8th Cir. 2006). We did so even though the defendant did not have a history of sexually abusing minors because the defendant had possessed and distributed child pornography that depicted "the sadistic and violent

sexual abuse of pre-teen minors." Id. at 522–23; see also United States v. Mickelson, 433 F.3d 1050, 1056–57 (8th Cir. 2006). Later in Stults, we again upheld similar conditions for a defendant convicted of possessing child pornography, who also had a history of sexually abusing a minor. 575 F.3d at 850–53. In coming to our decisions, we found it important that the prohibitions were not absolute, in that the defendant could always seek prior approval from the probation office to contact minors or enter areas where minors congregate. Id.

In this case, we can find no plain substantive or procedural error. Wiedower pled guilty to possession of child pornography, and the images the government found involved the sexual abuse of pre-teen minors. Even without sharing these images, Wiedower's case is sufficiently similar to Kerr such that the district court could not have committed plain error in imposing restrictions on contacting minors or entering areas where they congregate. Moreover, we can find no plain error in the scope of the restrictions. While somewhat ambiguous given the exact wording, we construe the condition to restrict Wiedower from contacting minors or entering places where minors congregate unless he obtains prior approval from the probation office. As construed, the district court did not create any absolute restrictions; the district court merely created a conditional ban similar to that which we have previously upheld. Stults, 575 F.3d at 850–53. Finally, given the district court's individualized inquiry into Wiedower's involvement with child pornography, as discussed earlier, we can find no plain procedural error. Accordingly, as construed, we affirm the restrictions on Wiedower's ability to contact minors and enter areas where they congregate.

## III.

For the foregoing reasons, we affirm in part and reverse in part. On remand, the district court shall reconsider the conditions of supervised release relating to Wiedower's use of computers and the internet.

_____