# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1970

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Douglas Gene Mayo, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: June 10, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Douglas Mayo pleaded guilty to traveling in interstate commerce to engage in illicit sexual conduct with a minor. The district court sentenced him to 46 months' imprisonment and 15 years of supervised release, with several special conditions that bar the possession of pornography and restrict his access to the Internet and computers in general. He appeals from these special conditions, contending that they are not reasonably related to the offense and result in a greater deprivation of liberty than is reasonably necessary. We affirm in part and reverse in part.

In early summer 2008, Mayo began communicating with an individual he believed to be a 15-year-old female whom he had met in an Internet chatroom. Over

the next two months, he initiated several one-on-one conversations with this individual through an instant messenger program, during which he made sexually explicit comments and sent files containing graphic videos of himself masturbating. No further communication took place until June 2009, at which time Mayo again contacted the individual via the instant messenger program. He indicated that he wanted to meet her and proposed that he travel from his home in Oklahoma to a residence in Arkansas where he believed she lived. They planned to meet at a time when she had indicated she would be home alone.

The individual with whom Mayo was communicating was in fact an undercover police officer. Upon arriving at the Arkansas address at which he thought the minor lived, Mayo sent a text message asking her to come outside. Instead, police arrived and placed him under arrest. He subsequently pleaded guilty to traveling in interstate commerce to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423.

The three special conditions of supervised release that Mayo challenges prohibit him from possessing pornography in any form (special condition 4); possessing or accessing a computer or computer-enabling equipment (special condition 6); or accessing the Internet if his future employment requires use of a computer (special condition 7). Notably, the district court's description of the last condition at the sentencing hearing was different from the description set forth in the written judgment. At sentencing, the district court stated: "If a computer is necessary for employment purposes, you'll get with Probation and they will work with you, but you're not to operate that computer under any circumstances without the expressed permission of Probation." Yet the condition in the judgment order states: "If a computer is necessary for employment purposes, the defendant will not be permitted access to the internet via Dial-up, DSL, cable or wireless connection."

Because Mayo did not timely object to these special conditions, we review for plain error.[1] To qualify for relief under the plain error standard, Mayo must show that the district court committed an error that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Curry, 627 F.3d 312, 314-15 (8th Cir. 2009) (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

A district court is afforded wide discretion in imposing conditions on a defendant's supervised release so long as they meet the requirements of 18 U.S.C. § 3583(d). United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007). Section 3583(d)(1) provides that any special condition must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs. Furthermore, the condition may not work a deprivation of liberty that is greater than reasonably necessary for the purposes of deterring criminal conduct, protecting the public from the defendant, and treating the defendant's correctional needs. § 3583(d)(2). Finally, each condition must be consistent with pertinent Sentencing Commission policy statements. § 3583(d)(3).

"Although the district court is entrusted with broad discretion to fashion special conditions of supervised release, we are particularly reluctant to uphold sweeping restrictions on important constitutional rights." United States v. Crume, 422 F.3d 728, 733 (8th Cir. 2005). Accordingly, we have determined that imposition of a special

---

[1]After the district court outlined the proposed terms of supervised release at the sentencing hearing, Mayo's counsel interjected to request that the district court prohibit possession of illegal pornography, rather than pornography of any kind. The district court demurred, on the grounds that adopting counsel's proposal could lead to future disputes over whether objectionable materials were illegally pornographic, rather than merely pornographic. Mayo acknowledges that this exchange does not constitute a timely objection to imposition of the special condition and that our review is thus for plain error.

condition must be narrowly tailored to achieve the purposes enumerated in § 3583(d) and must be supported by individualized findings about its appropriateness for that particular defendant. See United States v. Bender, 566 F.3d 748, 752 (8th Cir. 2009). Such findings may be based on any information other than materially false information. Boston, 494 F.3d at 668 (citing United States v. Sandifer, 335 F.3d 692, 696 (8th Cir. 2003)).

Mayo contends that special condition 4, which bars him from possessing pornography in any form, was not reasonably related to the statutory requirements of § 3583(d) and was greater than reasonably necessary. Though we have struck down similarly worded special conditions, we did so under markedly different circumstances. In Curry, we held that a district court plainly erred in imposing a ban on the possession of pornographic materials of any kind for a defendant who pleaded guilty of failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901 - 16991. 627 F.3d at 312. In explaining this conclusion, we noted that the offense conduct—failure to register as a sex offender—had nothing to do with the possession of pornographic materials and emphasized that "the district court did not explain why it prohibited Curry from possessing pornography as a special condition of supervised release." Id. at 315. Thus, there was no inherent connection between possessing pornography and "the nature and circumstances of the offense," and the district court shed no light on the motivation behind the ban.

By contrast, here Mayo made use of pornographic materials in the course of his criminal conduct. Mayo repeatedly recorded himself masturbating and sent the videos to an undercover police officer posing as a teenage girl, whom he then tried to visit in person. Though charges arising from this conduct were ultimately dropped as part of Mayo's plea agreement, the transfer of this illicit pornographic material was part of the larger nexus of his attempt to engage in illicit conduct with a minor. Thus, it is reasonable to infer that curtailing Mayo's access to pornographic materials would

deter future criminal conduct and protect the public, and accordingly it was not plain error to impose special condition 4. See United States v. Stults, 575 F.3d 834 (8th Cir. 2009) (concluding that special condition banning possession of pornographic materials of any kind was not plain error); United States v. Ristine, 335 F.3d 692 (8th Cir. 2003) (same).

Mayo's challenge to special condition 6, which prohibits the possession of a computer or computer-enabling equipment, presents a closer question. In United States v. Fields, 324 F.3d 1025 (8th Cir. 2003), we concluded that the imposition of such a prohibition did not constitute plain error in light of the evidence that the defendant did more than merely possess child pornography and the fact that the prohibition was not absolute, i.e., the defendant could possess a computer with permission from his probation officer. Id. at 1027; accord Boston, 494 F.3d at 668, Ristine, 335 F.3d at 692.

Here, as in the cases discussed above, use of a computer was integral to offense conduct that involved more than mere possession of illegal pornography; it provided the means of engaging the putative minor with whom Mayo attempted to engage in illicit sexual conduct and of transmitting graphic videos Mayo had recorded of himself. Yet unlike in the cases discussed above, the special condition bars Mayo from possessing or accessing a computer for personal use even if his probation officer had consented. Moreover, the district court did not make individualized findings regarding whether such a ban was appropriate for this particular defendant. See Bender, 566 F.3d at 752.

We also must consider the scope of a prohibition encompassing both "computers" and "computer-enabling equipment." In another context, we recognized that a broad array of everyday objects satisfy the definition of "computer" provided in 18 U.S.C. § 1030(e)(1). See United States v. Kramer, 631 F.3d 900 (2011) (concluding that many everyday objects, including a cellphone, can meet the

definition of "computer" under that statute)).  It remains unclear the extent to which the district court meant to broaden the scope of the prohibition by also banning "computer-enabling equipment," because the sentencing transcript provides no indication as to what the district court meant by "computer-enabling equipment." We do not find the definition to be self-evident on its face and thus conclude that it is ambiguous.

On this record, we conclude that special condition 6 bars Mayo from possessing or accessing a class of objects that it fails to describe in sufficiently precise terms.  It is neither supported by the requisite individualized findings, nor narrowly tailored to advance the objectives of § 3583(d).  Its imposition constituted an error that was clear under current law, that affected Mayo's substantial rights, and that seriously affected the fairness, integrity, and public reputation of judicial proceedings.  See Curry, 627 F.3d at 312. Consequently, we vacate its imposition and remand for resentencing.

Finally, we must consider special condition 7, which restricted Mayo's access to the Internet if future employment necessitates use of a computer.  As the government concedes, when an oral sentence and the written judgment conflict, the oral sentence controls.  United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008) (citation omitted). Thus, the description announced at the sentencing hearing controls: "If a computer is necessary for employment purposes, you'll get with Probation and they will work with you, but you're not to operate that computer under any circumstances without the expressed permission of Probation."  ST, at 13.  This special condition does not impose an absolute ban on Internet access at a place of employment, but conditions such access on approval from Mayo's probation officer. It comports with substantially similar special conditions that we upheld in Boston, Fields, and Ristine, and thus we conclude that the district court did not commit plain error by imposing it.

The judgment of the district court is affirmed in part and reversed in part. Special conditions 4 and 7 are upheld. Special condition 6 is vacated, and the case is remanded for further proceedings consistent with this opinion. On remand, the parties may seek to present evidence related to this proposed special condition and the district court should make particularized findings about any special condition that it seeks to impose. See Curry, 627 F.3d at 315.

_____