# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1110

_____

United States of America,

        Appellee,

     v.

Carl Dean Walker,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Arkansas.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: October 17, 2011
Filed: November 25, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carl Walker challenges three special conditions of supervised release imposed by the district court, following his guilty plea to knowingly accessing with intent to view computers and CDs containing images of child pornography, 18 U.S.C. § 2252(a)(4)(B). In front of the district court, Walker specifically objected to the special condition that he may not possess or own a computer or access the internet without the permission of the probation office. On appeal, he additionally objects to the special condition that he not interact with minor children without the approval of his probation officer, and the special condition that he participate in a sex offender treatment and monitoring program.

We review a district court's decision to impose special terms of supervised release for an abuse of discretion. United States v. Crume, 422 F.3d 728, 732 (8th Cir. 2005). A court may impose only special conditions of supervised release that are reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D). Further, the conditions must involve no greater deprivation of liberty than is reasonably necessary to advance the above-mentioned goals, and must be consistent with the sentencing commission's policy statements. Crume, 422 F.3d at 733. As a result, when imposing a special condition of supervised release, a district court *must* make an individualized inquiry into the facts and circumstances of the case and make sufficient findings on the record. United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011).

We agree with Walker that the district court erred[1] in imposing the complained-of special conditions without conducting *any* inquiry with regard to the appropriateness of these conditions in Walker's case. With regard to the computer and internet restriction, we have repeatedly vacated or remanded for specific findings when the district court imposed overly restrictive computer and internet special conditions where a defendant has used a computer simply to access, view and possess child pornography. E.g., id., 634 F.3d at 495-96 (remanding and instructing the district court to conduct an individualized inquiry and to more narrowly tailor the computer and internet restrictions). The government argues this particular special condition is appropriate because Walker improperly continued to possess a computer

---

[1]Because Walker did not object to the contact with minors and sex offender treatment special conditions before the district court, we review the imposition of those conditions for plain error. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003).

during pretrial supervision.[2] The government argues that this alleged lapse shows the need for more stringent supervision of Walker's computer and internet usage. However, Walker's possession of a computer in the home, without any findings by the district court that he accessed child pornography after the time of his indictment, completely distinguishes this case from the facts as described in United States v. Koch, 625 F.3d 470, 481-82 (8th Cir. 2010) (upholding special condition restricting computer and internet use where defendant, while on pretrial supervision, was caught on a home visit viewing child pornographic websites). Nor was there, apparently, any allegation in Koch that the district court failed to make individualized findings to support the special condition of supervised release. Id.

The government also argues the computer/internet special condition is justified because Walker used a "peer-to-peer" file-sharing network to view the prohibited images. Accordingly, the government alleges he did more than just view the images with his computer, because the peer-to-peer network made files available for others to view. Absent any specific findings by the district court about Walker's possible distribution through the peer-to-peer network, however, we cannot agree that this fact justifies the special condition in this case. The government conceded in its responses to the presentence investigation report (PSR) that a "distribution" sentencing enhancement is not applicable in this case, citing to United States v. Durham, 618 F.3d 921 (8th Cir. 2010). In Durham, we held that because there was insufficient evidence that the defendant had knowledge that images he downloaded on the peer-to-peer network could be distributed to others, a sentencing enhancement for

---

[2]The presentence investigation report (PSR) indicates that during a pretrial supervision home visit, probation officers found a computer in Walker's home. The magistrate judge's minute entry indicates that Walker disconnected the internet service following his indictment and did not understand that he could not possess a computer even without internet service. The court advised Walker that he was not to own or access a computer whether it was connected to the internet or not. United States v. Walker, No. 6:09-cr-60026-RTD-1, Docket # 28 (W.D. Ark. Sept. 14, 2010).

"distributing" child pornography could not be applied. Id. at 928-31. Although we did allow a special condition restricting computer and internet access in Durham, we were reviewing for plain error. Id. at 943. And, much more importantly, the Durham opinion reflects that the district court made extensive findings on the record about the defendant's conduct with regard to the peer-to-peer network, albeit in the context of the litigated distribution enhancement. Id. at 941-42. Here, the district court makes no mention of the peer-to-peer network or any possible distribution at sentencing. Although the PSR indicates that Walker accessed the prohibited images on a peer-to-peer network, if the district court was relying upon this fact to impose the special condition, it needed to specifically make this finding.

Finally, we note that the PSR did not suggest any special conditions of supervised release. Even if it had, however, our precedent indicates that the district court must make an individualized inquiry and findings at sentencing to justify a special condition. United States v. Springston, 650 F.3d 1153, 1156 (8th Cir. 2011); Wiedower, 634 F.3d at 493; United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010). Here, the entirety of the district court's individualized inquiry was to ask the government's attorney whether the restriction on computer and internet access would "get[] by the Eighth Circuit." When Walker objected to this special condition, the district court did not make specific findings as to why the special condition might be necessary for Walker, but again deferred to the government attorney's explanation about the appropriateness of the special condition. The government's attorney opined that because Walker's offense was "tied to the computer usage," the special condition was proper. This is contrary to our precedent. Crume, 422 F.3d at 733 (holding that without any findings that the defendant had used his computer for anything beyond simple possession of child pornography, we could not sanction such a broad ban on an important medium of communication, commerce, and information-gathering); Wiedower, 634 F.3d at 495 (same).

With regard to the remaining challenged special conditions of supervised release, we have similar concerns about the imposition of the conditions given the lack of individualized findings, even through the lens of plain-error review. On appeal, the government makes interesting arguments about why Walker should be subject to sex offender treatment and restricted from contacting minors. However, the distinction between this case and Wiedower and United States v. Kerr, 472 F.3d 517 (8th Cir. 2006), is the complete lack of individualized findings by the district court in imposing these special conditions. Accordingly, even though we are reviewing for plain error, the imposition of these two special conditions of supervised release suffers from the same infirmity as the restrictive computer and internet condition. See Curry, 627 F.3d at 315 (finding that the imposition of a special condition of supervised release without explanation or findings was reversible plain error).

## III. CONCLUSION

We reverse and remand this case to the district court to conduct an individualized inquiry about the appropriateness of each of the challenged conditions of supervised release.

GRUENDER, Circuit Judge, dissenting.

I respectfully dissent. While I agree that the district court should have made express individualized findings in support of the special conditions imposed, "[r]eversal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record." *United States v. Smith*, 655 F.3d 839, 845 (8th Cir. 2011). The record here amply supports the imposition of the special conditions of supervised release imposed by the district court.

In particular, Paragraph 19 of the Presentence Investigation Report ("PSR") stated that the child pornography possessed by Walker "involved a prepubescent

minor or a minor who had not attained the age of 12 years," while Paragraph 20 stated that the child pornography possessed by Walker "portrays sadistic or masochistic conduct or other depictions of violence." The district court specifically questioned Walker's counsel about both of those paragraphs early in the sentencing hearing, and Walker's counsel confirmed that objections to those paragraphs had been withdrawn. In light of the uncontested facts in the PSR, it certainly was not plain error to impose special conditions requiring sex-offender treatment, *see, e.g.*, *United States v. Conelly*, 451 F.3d 942, 945 (8th Cir. 2006) (stating that a district court merely needs to have a reason to believe the defendant needs mental health treatment in order to impose a such a condition), and prohibiting contact with minors and entering areas where children congregate, absent approval of the probation office, *see, e.g.*, *United States v. Wiedower*, 634 F.3d 490, 498 (8th Cir. 2011) (affirming a similar prohibition where "the images the government found involved the sexual abuse of pre-teen minors").

In addition, because the PSR also stated without objection that Walker made child pornography available over the internet via a peer-to-peer file sharing network, it was not an abuse of discretion to prohibit the use of computers and other means of internet access absent approval of the probation office. The absence of a specific finding that Walker had knowledge of the potential for distribution, noted by the Court *ante* at 3-4, does not change the analysis. For example, in *United v. Durham*, 618 F.3d 921 (8th Cir. 2010), the defendant contended that he had not understood that the child pornography in his peer-to-peer file sharing folder was accessible to others over the internet, and the record evidence indicated that the defendant was not a sophisticated user of such systems. *Id.* at 928-29. While we found that the record did not support a guidelines sentencing enhancement for distribution of child pornography, *id.* at 932, we nevertheless held that a special condition of supervised release prohibiting internet access, subject to approval by the probation office, imposed no "greater deprivation of liberty than is reasonably necessary under the circumstances," *id.* at 945, due to the defendant's history of enabling the distribution of such images:

> Even if one believes that the enhancement [for distribution] should not have been applied due to [the defendant's] alleged ignorance, it is still beyond dispute that at least 59 files containing known or suspected depictions of child pornography were posted on [a peer-to-peer file sharing network]—and therefore made accessible to the public—by a computer user whose Internet Protocol address was traced back to [the defendant's] home.
>
> Our precedents in this area establish that district courts may impose more restrictive conditions where, as here, a defendant's offense involved distribution of child pornography.

*Id.* at 944-45 (Gruender, J., announcing the decision of the Court in part). As in *Durham*, even in the absence of a finding regarding knowledge of the capacity for distribution, the record shows that Walker's "offense involved distribution of child pornography" for purposes of the special condition. *Id.* at 945. As a result, the prohibition on computer and internet usage in the instant case was not an abuse of discretion.

Finally, to the extent the Court implies that the district court somehow delegated its authority to the Government to evaluate whether the special conditions were appropriate, *ante* at 4, this is an unreasonable reading of the record. After the district court referred early in the sentencing hearing to the PSR paragraphs regarding prepubescent minors, sadism, and masochism, a more reasonable reading is that the district court saw a need, based on the record, to protect the public by imposing the strictest special conditions of supervised release available under prevailing Eighth Circuit law. While the district court should have referred back to the relevant portions of the record when it imposed the special conditions, it did not err by asking the Government to comment on whether the conditions chosen would survive appellate review.

Because the record supports the special conditions imposed by the district court, I respectfully dissent.

_____