# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3875

_____

United States of America,

        Appellee,

v.

Carl R. Todd,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 23, 2012
Filed: June 25, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Carl Todd challenges a money judgment in an order of forfeiture issued by the district court[1] after he pled guilty to conspiracy to commit mail fraud, wire fraud, and interstate transportation of stolen property. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Upon careful review, we conclude that the district court committed no error in issuing the order of forfeiture. See United States v. Molina, 172 F.3d 1048, 1057 (8th Cir. 1999) (it is well-established that member of conspiracy is responsible for all reasonably foreseeable acts or omissions of others in furtherance of conspiracy); see also United States v. Van Nguyen, 602 F.3d 886, 903 (8th Cir. 2010) (factual findings relating to forfeiture are reviewed for clear error; forfeiture itself is reviewed de novo). We also conclude that the district court did not plainly err in ordering restitution. See United States v. Louper-Morris, 672 F.3d 539, 566 (8th Cir. 2012) (where defendant does not challenge restitution order at sentencing, restitution order is reviewed for plain error); United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999) (unless defendant objects to specific factual allegation contained in presentence report, court may accept that fact as true for sentencing purposes).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. We note, however, that the written judgment contains a typographical error that is inconsistent with the district court's oral pronouncement of Todd's sentence, and we therefore instruct the district court to modify the written judgment to reference "monthly payments of either $500 or 10 percent of gross income, whichever is greater, while on supervision." See United States v. Mayo, 642 F.3d 628, 633 (8th Cir. 2011) (when oral sentence and written judgment conflict, oral sentence controls).

We affirm the judgment as modified, and we grant counsel's motion to withdraw.

_____