BYE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s decision to affirm the district court on all issues except the computer and Internet restrictions discussed in Part II.C.3. Because I believe these special conditions of supervised release involve a greater deprivation of liberty than is reasonably necessary, I would vacate the challenged conditions. Therefore, I respectfully dissent on this issue.
In assessing challenges to conditions barring computer and Internet access, we have drawn a line distinguishing cases where a defendant merely possessed or received child pornography from those where a defendant “used his computer to do more than merely possess child pornography[.]” United States v. Boston, 494 F.3d 660, 668 (8th Cir.2007). This case belongs in the former category, because “the record only shows that [Muhlenbruch] used his computer to receive and access child pornography, which under Crume[7] is insufficient to sustain a broad computer and internet ban.” United States v. Wiedower, 634 F.3d 490, 495 (8th Cir.2011).
The majority cites three facts it concludes amount to more than mere possession or receipt of child pornography: (1) Muhlenbruch saved child pornography images on a disk a year before the instant offense; (2) the images involved prepubescent minors engaged in sadistic or masochistic violence; and (3) Muhlenbruch saved the images in a hidden folder on his computer. None of these facts transform Muhlenbruch’s conduct into more than mere possession or receipt, however, regardless of where in particular the images were stored or what was depicted therein. See generally id. (“The mere fact that [the defendant] may have [received and possessed child pornography] frequently or for an extended period of time does not change our conclusion.”). For instance, there was no evidence to show Muhlenbruch distributed child pornography or used his computer to entice minors to engage in illicit sexual conduct, which we have cited in past cases affirming related conditions. See, e.g., United States v. Munjak, 669 F.3d 906, 908 (8th Cir.2012) (affirming Internet restrictions where a defendant distributed child pornography over a file-sharing network); United States v. Mayo, 642 F.3d 628, 632 (8th Cir.2011) (affirming restrictions on computer access where the defendant used his computer to communicate with a minor and transmit graphic videos of himself); United States v. Ristine, 335 F.3d 692, 696 (8th Cir.2003) (“[The defendant] more than merely possessed images of child pornography — he exchanged the images with oth *1107 er Internet users, and he attempted to arrange sexual relations with underage girls.”). These are the types of “more serious abuses of computers or the Internet” our precedent speaks of when affirming bans on “such an important medium of communication, commerce, and information-gathering[.]” Crume, 422 F.3d at 733.
Nor is this case similar to United States v. Koch, 625 F.3d 470 (8th Cir.2010), which the majority cites in support. In Koch, the defendant was heard discussing intercourse with a boy, and proceeded to clear his web history and remove his hard drives so the probation officer could not find his files — in violation of his conditions of release prior to sentencing. Id. at 481-82.
Finally, I agree with the majority that the instant restrictions are not absolute because they allow computer and Internet access with prior approval from Muhlenbruch’s probation officer. Nonetheless, “Crume, with a similar prior-approval provision, forecloses this argument, at least where the defendant only received and possessed child pornography.” Wiedower, 634 F.3d at 495 (citing Crume, 422 F.3d at 733). Accordingly, the prior-approval provision does not change the conclusion under our precedent.
Ultimately, I believe this case is more similar to Wiedower and Crume, where there was little beyond mere possession or receipt, than those cases affirming computer and Internet restrictions. Like Wiedower and Crume, I am “confident that the district court can impose a more narrowly-tailored restriction on [Muhlenbruch’s] computer use through a prohibition on accessing certain categories of websites and Internet content and can sufficiently ensure his compliance with this condition through some combination of random searches and software that filters objectionable material.” Crume, 422 F.3d at 733; see also Wiedower, 634 F.3d at 496 (remanding for the district court to “create a more narrowly tailored ban” on the defendant’s computer and Internet activity); United States v. Freeman, 316 F.3d 386, 392 (3d Cir.2003) (“There is no need to cut off [the defendant’s] access to email or benign internet usage when a more focused restriction, limited to pornography sites and images, can be enforced by unannounced inspections of material stored on [the defendant’s] hard drive or removable disks.”).
For the foregoing reasons, I would vacate the special conditions restricting Muhlenbruch’s computer and Internet access and remand to the district court. I therefore respectfully dissent from the majority’s decision to affirm the district court on this issue.

. United States v. Crume, 422 F.3d 728 (8th Cir.2005).