FILED
United States Court of Appeals
Tenth Circuit

May 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE ALLEN,

    Defendant - Appellant.

No. 14-2201

(D.C. No. 2:09-CR-01609-ERW-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

In June 2009, Defendant George Allen plead guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). A search of Defendant's home computer in Las Cruces, New Mexico had revealed several videos of child pornography, including videos of children as young as four years old being sexually abused by an adult male. The district court sentenced Defendant to 57-months imprisonment to be followed by a five-year term of supervised release.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant completed his term of imprisonment and began serving his term of supervised release in January 2014. A condition of Defendant's release prohibited him from possessing any materials depicting or describing sexually explicit conduct, including child pornography. In July 2014, the Government filed a petition to revoke Defendant's supervised release based on his possession of adult pornography. Following a hearing, the district court found Defendant had violated a condition of his supervised release. The court sentenced Defendant to an additional six-months imprisonment, this time to be followed by a ten-year term of supervised release. Defendant appeals. Our jurisdiction arises under 18 U.S.C. § 3742(a).

On appeal, Defendant does not challenge the facts leading to the revocation of his supervised release. Rather, Defendant contends the court did not adequately set forth reasons on the record justifying its imposition of a ten-year term of supervised release. Defendant further contends the court abused its discretion in imposing a special condition of supervised release similar to the one he was found to have violated. Rejecting both contentions, we summarily affirm.

I.

Because Defendant did not object to the district court's imposition of a ten-year term of supervised release at sentencing, our review of that term is for plain error. We first ask whether error occurred at all. See United States v. Edwards, 782 F.3d 554, 562 (10th Cir. 2015). Because no error occurred, our inquiry there ends.

At the revocation hearing, the court found:

> After evaluating the [18 U.S.C. § 3553(a)] factors, the court finds the Defendant has violated the conditions of his supervision by possessing . . . materials depicting adult pornography.
>
> Furthermore, the Defendant possessed journals containing information about concealing illegal online activities.
>
> The journals also include lists of pornographic movies, web sites, and file names of suspected child pornography.
>
> The information contained in the journals reflect the Defendant was not focused on rehabilitation or treatment, but on hiding his activities and continuing to seek out pornographic material.
>
> Additionally, the journals contain statements written by Defendant which indicates he believes there's nothing wrong with having sex with children.
>
> The Defendant did not display victim empathy during the course of his sex offender treatment.
>
> The Defendant's . . . intentions, as indicated in his journals, coupled with his lack of victim empathy, reveal he continues to present a danger to the community.

In addition to the foregoing excerpt, the sentencing transcript considered in its entirety reveals the district court carefully considered this matter. The court explained that it intended to impose upon Defendant a "sentence that is sufficient but not greater then necessary to achieve sentencing objectives of just punishment, general deterrence, and incapacitation; but, more importantly, that, hopefully, will instill upon him that his behavior must change."

3

In its statement of reasons for imposing a particular sentence, the district court should set forth enough on the record to satisfy us that it has "a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). We are so satisfied. The district court did not commit error, let alone plain error, by imposing a ten-year term of supervised release upon Defendant.[1]

## II.

While Defendant did not object in the district court to his term of supervised release, he did suggest, albeit equivocally, that the following special condition of his supervised release was overbroad: "The defendant shall be prohibited from viewing or possessing any material including photographs, images, books, writings, drawings, videos or video games, depicting and/or describing sexually explicit conduct or child pornography as defined in 18 U.S.C. § 2256." The district court rejected Defendant's suggestion:

> [I]t should be apparent the intended purpose here is to keep pornographic material out of [Defendants] hands, keep him away from it, keep him from searching for it. You know, if there are certain books that are available to the children and everyone else in the world that have depictions of . . . a sexual nature, . . . my suspicion is that [Defendant] is not going to be put back in prison for having a library book that might have some symbol or suggestion that [might appeal to] a prurient interest; . . .[Defendants] days of possessing child pornography . . . are over, and he must understand that. And if he doesn't, he's just going to be back in here and the rest of his life is going to be in and out of prison.

---

[1] Because Defendant was originally convicted of violating 18 U.S.C. § 2252, the maximum authorized term of supervised release was life. Id. at 3583(k).

4

District courts have considerable discretion in setting conditions of supervised release. United States v. Hanrahan, 508 F.3d 962, 970 (10th Cir. 2007). But any condition imposed must comport with the Constitution and satisfy the statutory requirements set out in 18 U.S.C. § 3583(d), which references the § 3553(a) factors. United States v. Hahn, 551 F.3d 977, 982 (10th Cir. 2008). First, a condition must be reasonably related to (a) the nature and circumstances of the offense, (b) the defendant's history and characteristics, (c) the deterrence of criminal conduct, (d) the protection of the public from further crimes of the defendant, *or* (e) the defendant's educational, vocational, medical, or other correctional needs. Second, a condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, a condition must be consistent with any pertinent Sentencing Commission policy statements. Finally, where a condition restricts access to materials protected by the First Amendment, the court must balance the § 3553(a) factors against constitutional concerns. See United States v. Mike, 632 F.3d 686, 692 (10th Cir. 2011).[2]

---

[2] In United States v. Mike, 632 F.3d 686 (10th Cir. 2011), defendant pled guilty to assault resulting in serious bodily injury. Because Mike had committed a sex offense in 1997, the district court imposed the standard supervised release conditions for sex offenders as well as numerous special conditions. Mike argued, as Defendant does here, that a special condition of supervised release prohibiting him from possessing sexually explicit materials was overly broad and effected a greater denial of liberty than necessary to achieve the goals of sentencing. "Applying a
(continued...)

5

Here, the reasons for the district court's imposition of the special condition of supervised release to which Defendant objects are painfully apparent from the record. In view of Defendant's past history with, and continuing affinity for, child pornography, the special condition has a plainly legitimate sweep—a sweep delimited by the definition of "sexually explicit conduct" contained in 18 U.S.C. § 2256. See United States v. Paul, 274 F.3d 155, 167 (5th Cir. 2001) ("Sentencing courts must inevitably use categorical terms to frame the contours of supervised release conditions. Such categorical terms can provide adequate notice of prohibited conduct when there is a commonsense understanding of what activities the categories encompass."). The facts the Government presented in support of the petition to revoke supervision establish that Defendant has yet to acknowledge a problem with his affinity for children and child pornography. See United States v. Wiedower, 634 F.3d 490, 497 (8th Cir. 2011) (holding the district court acted within its discretion when it prohibited defendant from "possessing pornography or sexually explicit material" because the record supported the conclusion that defendant had a "deeply rooted affinity for child pornography"). Moreover, the challenged condition is reasonably related to, and involves no greater deprivation of liberty than is

---

[2](...continued)
commonsense approach," we concluded under plain error review that "[g]iven the current state of the law, we cannot say that it is clear or obvious that the imposition of a condition prohibiting a defendant, who has committed a sexual offense, but not a sexual offense involving pornography, from possessing legal, adult pornography is a greater deprivation of liberty than is reasonably necessary." Id. at 701.

reasonably necessary for the purposes of, the pertinent § 3553(a) factors. In particular, the special condition appears appropriately tailored to serve the purposes of deterring criminal conduct, promoting Defendant's rehabilitation, and protecting children from exploitation.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge