# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| James Blake McFarlin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 19, 2008
Filed: January 12, 2009

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Blake McFarlin appeals the 188-month prison sentence that the district court[1] imposed following his guilty plea to possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(A), (b)(1)(B). For reversal, McFarlin argues that the district court improperly sentenced him as a career offender, because his prior Arkansas conviction for burglarizing a pharmacy, barber shop, and beauty shop should not have been classified as a "crime of violence" for purposes of triggering career-offender status. See U.S.S.G. §§ 4B1.1 (defining career offender);

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

4B1.2(a) (defining "crime of violence"). As McFarlin acknowledges, we have repeatedly held that commercial burglary is a "crime of violence" within the meaning of section 4B1.2. See United States v. Bell, 445 F.3d 1086, 1087-88 (8th Cir. 2006); United States v. Blahowski, 324 F.3d 592, 595 (8th Cir. 2003).

Accordingly, we affirm.

_____