# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2118
_____

United States of America

*Plaintiff - Appellee*

v.

Nakia Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2015
Filed: May 5, 2015

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

In 2001, Nakia Mack Phillips pled guilty to statutory rape. In 2012, he failed to register as a sex offender and was sentenced to 24 months' imprisonment and 10 years' supervised release. In 2014, two months into his release, the Probation Office moved to revoke supervision. Phillips admitted violating release conditions, including unsupervised contact with minors. The court sentenced him to 24 months' imprisonment and supervision for life. As a special release condition, Phillips cannot

"possess or use . . . a computer, . . . gaming equipment, cellular devices, or any other device with access to any 'on line computer services,' or subscribe to or use any Internet service, . . . without the written approval of the probation office." Phillips appeals the lifetime supervision and the special condition. Having jurisdiction under 28 U.S.C. § 1291, this court affirms the lifetime supervision, vacates the special condition, and remands.

This court reviews revocation sentences for abuse of discretion. ***United States v. Richey***, 758 F.3d 999, 1001 (8th Cir. 2014). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." ***United States v. Wiedower***, 634 F.3d 490, 493 (8th Cir. 2011). *See* **18 U.S.C. § 3553(a)** (sentencing factors).

Phillips challenges the substantive reasonableness of lifetime supervision. The district court said it "considered all of the 3553(a) factors." Acknowledging that lifetime supervision "is a huge burden," the court noted that Phillips is "a danger, and . . . risk to the community" and he violated his release "after such a short period." The Guidelines range for supervised release was five years to life. "If the district court imposes a within-Guidelines sentence, this court presumes the sentence is reasonable, and [Phillips] bears the burden to rebut the presumption." ***United States v. Manning***, 738 F.3d 937, 947 (8th Cir. 2014). On appeal, Phillips makes no legal argument rebutting the presumptive reasonableness of lifetime supervision. The sentence is no abuse of discretion.

This court reviews terms and conditions of supervised release for abuse of discretion. ***United States v. Mefford***, 711 F.3d 923, 926 (8th Cir. 2013). The discretion to impose special conditions is limited by 18 U.S.C. § 3583(d). ***United States v. Crume***, 422 F.3d 728, 732 (8th Cir. 2005). "Under § 3583(d), a district court

may impose special conditions of supervised release if the conditions are reasonably related to the sentencing factors set forth in § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *Wiedower*, 634 F.3d at 493. "The lack of individualized findings, however, does not require reversal if we can discern from the record the basis for the court's imposition of the condition." *Morais*, 670 F.3d at 895.

In its Sentencing Computation, the Probation Office reported:

[Phillips's] manager also indicated that they have received complaints from teenage females that Phillips had made them uncomfortable and was overly flirtatious with them. One female alleged that Phillips showed her a picture of his penis and the image was on his cell phone. A phone analysis was conducted by the St. Louis City Police Department Cyber Crimes Unit and there were two pictures of the offender's naked penis . . . along with numerous pornographic pictures of adult females.

At the revocation hearing, the government did not pursue—and Phillips did not admit—the teenage females' complaints about his flirtatiousness nor the allegation that he showed a picture of his penis. The Sentencing Computation does not indicate how Phillips acquired the adult pornography. At the hearing, the government said:

[A]s to whether or not he had shown cellphone pictures to teenage girls at the mall, I don't believe it has been disputed that a forensic examination was made of his cellphone, and that there were pictures of his private parts on there. . . . He took nude pictures of himself. He downloaded obscene material . . . .

Phillips did not object to the government's statement that he "downloaded obscene material."[1]  The court said:

> I understand this is not a child pornography case, but it does involve sex with an underaged person. . . . I know that the allegation that he was showing pictures of that he had on his cellphone of his penis to . . . girls at the mall.  [T]hat allegation has not been proven.  He has not admitted it.  It was certainly a part of the report to the Court, and I think it is undisputed that a forensic examination of his cellphone did show not only pictures of himself, his penis on the cellphone, but it also contained other pornographic photographs.  Admittedly, it was not child pornography.  It contained other pornographic photographs.

The record does not indicate that Phillips ever possessed child pornography.

In *Crume*, this court vacated a broad ban on computer and Internet access without written approval when the defendant never "used his computer for anything beyond simply possessing child pornography." *Crume*, 422 F.3d at 733.  This court was "not convinced that a broad ban from such an important medium of communication, commerce, and information-gathering is necessary given the absence of evidence demonstrating more serious abuses of computers or the Internet." *Id.* Rather, this court was "confident that the district court can impose a more narrowly-tailored restriction on [defendant's] computer use through a prohibition on accessing certain categories of websites and Internet content and can sufficiently ensure his compliance with this condition through some combination of random

---

[1]Later, Phillips's counsel said, "Now, with respect to what's on the telephone[,] I think that the condition he not possess obscene material will cover this."  When the court said, "I think based on the things that you admit were found in the forensic examination of the cellphone," Phillips's counsel said, "I don't know that he admitted to it – I just said that . . . I believe that the condition for possessing obscene material would cover anything like that."

searches and software that filters objectionable material." *Id.* (noting a "particular[] reluctan[ce] to uphold sweeping restrictions on important constitutional rights"). *See also Wiedower*, 634 F.3d at 495 ("[T]he record only shows that Wiedower used his computer to receive and access child pornography, which under *Crume* is insufficient to sustain a broad computer and internet ban" even with prior approval).

In *Morais*, this court "decline[d] to construe *Wiedower* and *Crume* as establishing a *per se* rule that a district court may never impose a prior-approval Internet use restriction based on a defendant's receipt and possession of child pornography." *Morais*, 670 F.3d at 896, 897 (affirming ban where defendant "collected 8,200 images of child pornography over more than a decade," "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence," and expert testified "that without successful treatment, [defendant] was likely to repeat the same conduct"). *See also United States v. Deatherage*, 682 F.3d 755, 759, 764 (8th Cir. 2012) (affirming prior-approval ban because "computer use and internet access were central to" defendant's possession of child pornography, he graphically described sexual acts with children in online chat, and he violated pre-trial release condition by accessing Internet); *United States v. Bender*, 566 F.3d 748, 750, 751-52 (8th Cir. 2009) (affirming prior-approval ban on computer and Internet access where defendant "arranged on-line to meet a woman for sexual relations[] and pursued a sexual relationship despite discovering that she was a minor" and viewed pornography on public library computer).

The special condition bans Phillips from accessing the Internet without written approval. The court apparently premised the ban on Phillips's possession of adult pornography, including pictures of his own penis, and his statutory rape conviction.[2]

---

[2]This court cannot discern from the record whether the court imposed the ban based on the allegation that Phillips showed pictures of his penis to girls. To the extent the court relied on that allegation, the court did not make sufficient findings on the record.

Because possessing *child* pornography may not necessarily justify a broad ban on Internet access, *Crume*, 422 F.3d at 733, a court exceeds its discretion under § 3583(d) by banning Internet access for possessing *adult* pornography. The prior-approval provision does not save this ban, because Phillips only possessed adult pornography. *See Wiedower*, 634 F.3d at 495 ("*Crume*, with a similar prior-approval provision, forecloses this argument, at least where the defendant only received and possessed child pornography."). *Cf. United States v. Munjak*, 669 F.3d 906, 908 (8th Cir. 2012) (affirming, on plain error review, prior-approval Internet ban because defendant used computer to distribute child pornography); *United States v. Durham*, 618 F.3d 921, 944-45 (8th Cir. 2010) (same); *United States v. Stults*, 575 F.3d 834, 856 (8th Cir. 2009) (affirming, on abuse-of-discretion review, prior-approval Internet ban, with exception for employment use, where defendant distributed child pornography).

On remand, lesser restrictions on Phillips's Internet access may be consistent with § 3583(d). *See Crume*, 422 F.3d at 733 (noting availability of technology to block certain sites). *See also United States v. Poitra*, 648 F.3d 884, 891 (8th Cir. 2011) ("[P]reventing a defendant—who has a demonstrated sexual interest in children—from possessing all sexually explicit material is reasonably related to preventing the defendant from committing sexual offenses in the future."), *citing Wiedower*, 634 F.3d at 497 ("[T]he district court was well within its discretion to prohibit Wiedower from possessing pornography or sexually explicit material because the record supports the district court's conclusion that Wiedower had a deeply rooted affinity for child pornography. . . . [W]e still believe that [the ban] would likely facilitate his rehabilitation and protect the community by reducing the chance he will relapse into this dark world").

\* \* \* \* \* \* \*

The lifetime supervision is affirmed. The special condition is vacated and the case remanded for proceedings consistent with this opinion.

_____