# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1331

_____

United States of America

*Plaintiff - Appellee*

v.

Donta Boelter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2015
Filed: November 30, 2015
[Published]

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

PER CURIAM.

Donta Boelter appeals the 24-month sentence he received following the revocation of his supervised release. Boelter contends the sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of 18 U.S.C.

§ 3553(a). Because we conclude Boelter's sentence was substantively reasonable, we affirm.[1]

On January 29, 2010, Boelter pled guilty to one count of retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(1). Boelter's calculated Sentencing Guidelines range was 30–37 months. At his sentencing hearing on September 7, 2011, the district court[2] varied downward and sentenced Boelter to a term of time served,[3] followed by a 3-year term of supervised release. Boelter began his supervised release on September 7, 2011. His term of supervised release was set to expire on September 6, 2014.

On May 14, 2014, a petition to revoke Boelter's supervised release was filed. The petition alleged Boelter had not worked since September 2013, had tested presumptively positive for the use of marijuana on eight occasions between August 29, 2013, and March 26, 2014, was found at a residence where another individual was cited for possession of marijuana and drug paraphernalia, and had failed to complete his 100 hours of community service. During a December 2, 2014, revocation of supervised release hearing, Boelter admitted to using marijuana on eight occasions between August 29, 2013, and March 26, 2014. The court granted Boelter's oral motion to continue the disposition hearing until March 3, 2015.[4]

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, presided over Boelter's September 7, 2011, sentencing hearing and all hearings regarding revocation of Boelter's supervised release.

[3]Boelter was in custody for 47 days.

[4]The record is unclear as to why Boelter requested a continuance.

On December 7, 2014, Boelter was arrested in Kearney, Nebraska, and charged with trespassing, disturbing the peace, and possessing marijuana. A second petition to revoke supervised release was filed on December 10, 2014. The alleged violations in this petition included his December 7, 2014, arrest, a November 19, 2014, citation for possession of marijuana and child abuse/neglect, lying to his probation officer about where he was residing, and failing to notify his probation officer prior to moving to a new residence.

The March 3, 2015, hearing was rescheduled for January 29, 2015. Because the state charges remained pending, Boelter did not admit any of the violations alleged in the second petition. At the court's request, the government called Boelter's Probation Officer, Michelle McNamara, to testify about the December 7 incident in Kearney. On cross-examination, McNamara also confirmed Boelter successfully completed community service and substance abuse treatment, but testified Boelter was unemployed for much of the previous two-year period.

All of Boelter's alleged violations were Grade C violations. With a criminal history category I, Boelter's Sentencing Guidelines range was 3–9 months. The maximum prison term and maximum term of supervised release that could be reimposed were each 60 months. The probation office recommended a sentence of 24 months imprisonment with no supervision to follow. Boelter requested a sentence of one year and a day, with no supervision to follow. The district court initially stated it was inclined to sentence Boelter to a prison term of 30 months, but ultimately sentenced Boelter to a prison term of 24 months with no supervision to follow.[5] Boelter timely appealed.

---

[5]The judgment notes that "[a]llegations 1, 3, and 4 of the [first] Petition [88] and the 2nd Petition [100] are dismissed on the motion of the United States."

We review the substantive reasonableness of a district court's sentence on revocation of supervised release under "the same reasonableness standard that applies to initial sentencing proceedings." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (quotation omitted). A sentence is substantively unreasonable "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (quotation omitted). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Boelter concedes the district court considered the appropriate sentencing factors but contends the court made a clear error in judgment in weighing them. Boelter argues the district court gave too much weight to the unproved allegations in the second petition. Boelter asserts the court should have placed greater emphasis on the positive strides he had made in the prior two years, such as completing substance abuse treatment and his community service hours.

Although Boelter's sentence was greater than the advisory Guidelines range and the sentence he proposed, we conclude it was not substantively unreasonable. The district court gave appropriate consideration to the 18 U.S.C. § 3553(a) factors, explaining the upward variance was based on "the seriousness of the offense" and the need "to promote respect for the law, to provide for just punishment, and to afford deterrence." The court considered the applicable Guidelines and specifically noted that Boelter had received a downward departure to a sentence of time served at his original sentencing. See USSG §7B1.4, comment (n.4) ("Where the original sentence was the result of a downward departure . . . that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted."). We conclude the district court acted well within its

broad discretion in determining that a 24-month term of imprisonment with no supervision to follow was appropriate.

Accordingly, we affirm the judgment and sentence of the district court.

_____