United States Court of Appeals

For the Eighth Circuit

_____

No. 16-1794

_____

United States of America

*Plaintiff - Appellee*

v.

Max Bolden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: March 6, 2017
Filed: March 16, 2017
[Unpublished]

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Max Bolden appeals his sentence–nine months' imprisonment to be followed by five years of supervised release–following the district court's[1] revocation of his

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

supervised release. Bolden contends the nine-month sentence was substantively unreasonable because the district court did not consider the mitigating factors that Bolden suggested at sentencing. Bolden's advisory Guidelines range was six to twelve months in prison, and an additional period of supervised release could be imposed for any term of years to life. Bolden does not challenge the revocation itself and in fact admitted to each of the violations. Nor does Bolden appear to challenge the five-year period of supervised release.

A review of the Bureau of Prisons records indicates that Bolden has served his nine-month term and has been released. Because Bolden does not expressly challenge the revocation itself, or the reasonableness of the period of supervised release, his appeal is likely moot because he has been released from custody. United States v. Aden, 830 F.3d 812, 816 (8th Cir. 2016). However, to the extent Bolden's brief can be read to additionally include a challenge to the five-year period of supervised release, we find that the district court did not abuse its discretion in imposing the current sentence. The record indicates that the district court considered Bolden's mitigation arguments and in fact engaged in a lengthy colloquy with Bolden wherein the court determined that Bolden had not accepted responsibility for his violations. Further, Bolden's penchant for violating the conditions of supervised release by drinking alcohol, taking illegal drugs, and missing required urine testing indicated a need for another lengthy period of supervised release following Bolden's discharge from custody. The within-Guidelines-range sentence ultimately imposed by the district court was eminently reasonable. United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (reasonableness standard of review). We affirm.

_____