# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2264

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Needom, Jr., also known as Bizzy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 14, 2020
Filed: June 30, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In October 2004, David Lee Needom, Jr., pleaded guilty to aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 2. The district court[1] sentenced Needom to 120 months'

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

imprisonment and three years' supervised release. In April 2014, while serving his supervised release term, Needom was arrested in Chicago, Illinois and charged with possession of over 900 grams of cocaine.

A month later, Needom's probation officer notified the district court that Needom had violated his supervised release by committing a crime and leaving the District of Minnesota without permission. The district court held a revocation hearing. Based on Needom's admission to leaving the district without permission, the district court sentenced Needom to sixty days in a residential reentry center and stated that Needom would remain on supervised release for his underlying offense until the original expiration date.

In August 2016, Needom was sentenced by an Illinois state court to ten years' imprisonment for possessing more than fifteen grams of cocaine, stemming from his conduct in April 2014. In June 2017, his probation officer notified the district court that Needom had violated his supervised release terms by being found guilty of cocaine possession. At the subsequent revocation hearing, Needom admitted to violating the condition of his supervised release that he not commit another crime.

The district court determined that Needom had violated the terms of his supervised release based on the Illinois conviction and concluded the crime constituted a Grade A violation. It calculated a criminal history category of II, resulting in an advisory sentencing guidelines range of 27 to 33 months' imprisonment under U.S.S.G. § 7B1.4(a). The court once again revoked Needom's term of supervised release and sentenced him to 27 months' imprisonment to run consecutively to his ten-year Illinois sentence, followed by a new supervised release term of three years.

Needom appealed his sentence to this court. In August 2018, we held that the district court's new prison sentence was substantively reasonable but that the district court had erred in imposing a term of supervised release that exceeded the maximum 33-month term allowed by statute and the Guidelines' Chapter Seven policy

statements.[2] *United States v. Needom*, 733 F. App'x 333, 334-35 (8th Cir. 2018) (per curiam) (citing 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2)). On remand, the district court sentenced him to a term of 33 months' supervised release.

Needom once again appeals. He argues that the district court committed procedural and substantive errors in imposing his supervised release term because it (1) failed to provide a sufficiently detailed explanation of its reasons for imposing the sentence and (2) failed to consider adequately the nature and circumstances of his violation as well as his history and characteristics. We address each argument in turn.

First, the district court did not procedurally err by allegedly failing to provide an adequate explanation for its decision to impose a 33-month supervised release term. An inadequate explanation of the sentence imposed may amount to procedural error in a revocation sentencing. *United States v. Thunder*, 553 F.3d 605, 608 (8th Cir. 2009). Because Needom did not object at his revocation hearing to the adequacy of the district court's explanation, we review for plain error. *See id.* To show plain error, Needom must "establish[] an obvious error that caused prejudice and a miscarriage of justice." *See United States v. Fry*, 792 F.3d 884, 891 (8th Cir. 2015); *United States v. Olano*, 507 U.S. 725, 732 (1993) (holding that plain error review requires a reviewing court to refrain from correcting an error unless it is plain and affects "substantial rights," such that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" (brackets in original)).

---

[2]Needom's underlying offense was a Class A felony. *See* 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(i), 3559(a)(1). The maximum supervised release term for a Class A felony is five years. *Id.*; § 3583(b)(1). Accordingly, after Needom's revocation prison sentence of 27 months, the district court could impose a supervised release term up to 33 months. *See* 18 U.S.C. § 3583(h) (stating that a supervised release term "shall not exceed the term . . . authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation").

The explanation given by the district court for the within-guidelines sentence of 33 months was sparse but did not "cause[] prejudice and a miscarriage of justice." *See Fry*, 792 F.3d at 891. "A within-Guidelines sentence is presumed reasonable." *United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019). "A sentencing error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error." *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam). Because Needom offers no evidence that the district court would have imposed a shorter sentence had it explained the sentence in greater detail, the district court did not plainly err. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016) (finding no plain error when the defendant pointed "to nothing to suggest a reasonable probability that the district court would have imposed a more lenient sentence if the court had elected to discuss the appropriateness of the sentence at greater length").

Second, Needom claims that the district court imposed a substantively unreasonable supervised release term. We review the substantive reasonableness of a supervised release term for an abuse of discretion. *United States v. Phillips*, 785 F.3d 282, 284 (8th Cir. 2015). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* These sentencing factors include the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §§ 3553(a)(1), 3583(e).

Needom argues that the district court did not consider or gave insufficient weight to various relevant factors. He argues no term of supervised release is necessary given the mitigating circumstances surrounding his April 2014 violation. He emphasizes that he was not the primary target of the investigation that prompted the traffic stop on that occasion and points out that he reported his violation of his own accord. He further asserts that the district court did not consider his personal

-4-

history, such as his academic achievements since his release and his participation in a nine-month chemical dependency program.

Needom has failed to present evidence that the district court did not consider or was unaware of these factors. Evidence that a district court was aware of the § 3553(a) sentencing factors is sufficient to demonstrate that the district court considered them, and such awareness may be inferred from the record. *United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) (noting that the judge who presided over a defendant's revocation sentencing also imposed the defendant's initial sentence and was thus aware of the defendant's history and characteristics).

The district court judge presided over Needom's initial sentencing in 2005 and his revocation sentencing in 2017, and he was therefore aware of Needom's personal history and the nature of his offense. *See id.* Moreover, when Needom's counsel reminded the district court that Needom had been attending school and had been law-abiding after his Illinois arrest, the district court confirmed that it would take that information into consideration. A district court is given "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others." *See United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam). Therefore, we find that the district court did not abuse its discretion in imposing a 33-month supervised release term.

Accordingly, we affirm.

_____