# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3505

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Blake McFarlin

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

———————

Submitted: May 8, 2023
Filed: June 29, 2023
[Unpublished]

———————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

———————

PER CURIAM.

In 2007, James Blake McFarlin pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). McFarlin received a sentence of 188 months' imprisonment and 4 years of supervised release. We affirmed this sentence on

appeal.[1] On July 28, 2022, the United States moved to revoke McFarlin's supervised release alleging that he had violated the terms and conditions of release by committing another crime. Specifically, on July 3, 2022, he was arrested by state law enforcement officers in Jonesboro, Arkansas for possession of illegal narcotics with intent to deliver and criminal trespass. McFarlin also submitted a urine specimen that tested positive for marijuana. The district court[2] then set an initial revocation hearing for August 25, 2022. McFarlin failed to appear, but his attorney was present.

McFarlin appeared at a continued revocation hearing on November 17, 2022, where he admitted to simple possession of narcotics on July 3, 2022, but denied an intent to distribute. He further admitted to using a controlled substance, testing positive for marijuana, and failing to report for substance abuse testing. The matter proceeded solely on McFarlin's admission to simple possession of a controlled substance, a Grade C violation.

The district court accepted McFarlin's admissions, revoked his supervised release, and sentenced him to 18 months' imprisonment—4 months above the United States Sentencing Guidelines (USSG) range of 8 to 14 months—with no supervised release to follow.

In this appeal, McFarlin argues that the district court erred by finding that McFarlin had not communicated with counsel before he failed to appear for his initial revocation hearing; by failing to adequately explain its decision to vary upward; and by basing the length of the term of imprisonment imposed on the length of the unserved portion of the term of supervised release revoked. McFarlin did not object to any of these alleged procedural errors at sentencing. Finally, McFarlin

[1]United States v. McFarlin, 306 F. App'x 342 (8th Cir. 2009).

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

-2-

asserts that the revocation sentence was substantively unreasonable. After carefully reviewing these claims, we affirm.

We review McFarlin's revocation sentence under a deferential abuse-of-discretion standard. United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014). We first ensure that the district court committed no significant procedural error and then determine whether the sentence was substantively reasonable. Id. Since McFarlin did not object to the alleged procedural errors at sentencing, we review the same for plain error. United States v. Isler, 983 F.3d 335, 341 (8th Cir. 2020). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citation omitted). We review the substantive reasonableness of a revocation sentence for abuse of discretion. Richey, 758 F.3d at 1001.

First, McFarlin alleges that the district court clearly erred in finding that McFarlin had not communicated with his attorney before he failed to appear for the initial revocation hearing. However, the district court made no such finding. In fact, it was McFarlin's attorney who interjected the fact of McFarlin's failure to appear with his statement that "[a]s far as the failure to appear goes, Your Honor, I know that that's obviously going to weigh on the Court." Counsel then proceeded to explain that McFarlin was "not in his right mind at th[e] time" because he was still "using," and that "he just didn't come to court because he wasn't ready to go to prison" because he needed time to arrange for the storage of his belongings. Counsel added, "I don't think any of that excuses his failure to appear." While Counsel's statements prompted an exchange between the court and Counsel as to what exactly Counsel had advised the court at the time of McFarlin's nonappearance, the record reflects no finding as to the extent of the communication between McFarlin and his attorney. Accordingly, we find no error.

Next, McFarlin asserts that the district court procedurally erred by failing to adequately explain the sentence. While "[t]he explanation given by the district court . . . was sparse [it] did not 'cause[] prejudice and a miscarriage of justice.'"

United States v. Needom, 819 F. App'x 448, 450 (8th Cir. 2020) (quoting United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015) (fourth alteration in original)). "A sentencing error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error." United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam). McFarlin offers no evidence that the district court would have imposed a shorter sentence had it explained the sentence in greater detail. See United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016) (finding no plain error when appellant pointed "to nothing to suggest a reasonable probability that the district court would have imposed a more lenient sentence if the court had elected to discuss the appropriateness of the sentence at greater length"). Accordingly, we find no plain error with respect to the district court's explanation of McFarlin's sentence.

McFarlin also contends that the district court erred when it "sentenced McFarlin using a mechanical calculation whereby it derived 'the balance' of his supervised release term and imposed that as his sentence on revocation," without considering "the policy statements of the Sentencing Commission applicable to probation and supervised release recommendations." While, after announcing the sentence, the district court alluded to the fact that the sentence equaled the unserved portion of the previously imposed term of supervised release, this was clearly a mere passing observation and not offered by the district court as a reason for the sentence already announced. Again, we find no error, plain or otherwise.

Finally, we review the substantive reasonableness of a revocation sentence for an abuse of discretion. United States v. Phillips, 785 F.3d 282, 284 (8th Cir. 2015). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (citation omitted). Here, McFarlin alleges that the district court did not give adequate weight to his drug addiction and gave weight to an irrelevant factor, namely "'the balance' of McFarlin's supervised release term." We explained above that the record does not reflect that the district

court relied on the length of McFarlin's unserved term of supervised release as a factor in the sentence now appealed. Further, the district court judge presided over McFarlin's original sentencing and heard argument of McFarlin's counsel with respect to his drug addiction and was thus well aware of McFarlin's substance-abuse issues. The district court is given "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others." United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam). The district court did not abuse its discretion with respect the sentence imposed in this case.

Accordingly, we affirm the judgment of the district court.

_____