# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1757
_____

United States of America

*Plaintiff - Appellee*

v.

James Richard Neuenkirk

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 16, 2025
Filed: February 5, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

A jury found James Neuenkirk guilty of attempting to entice a minor to engage in illegal sexual conduct, *see* 18 U.S.C. § 2422(b), and attempting to use an interstate facility (the internet) to transmit information about a minor, *see id.* § 2425. The

district court[1] sentenced him to 151 months' imprisonment, which was within the advisory sentencing guidelines range of 151 to 188 months' imprisonment. On appeal, Neuenkirk challenges the sufficiency of the evidence supporting his convictions and the substantive reasonableness of his sentence. We affirm.

In April 2023, Neuenkirk communicated over Facebook with a thirteen-year-old girl, "D.W.," who was really an adult police detective. Neuenkirk sent messages detailing sexual acts he wanted to perform with D.W., inquiring about her prior sexual experiences, and asking her where she lived. Neuenkirk arranged to meet D.W. at a truck stop in Altoona, Iowa, where law enforcement arrested him.

We begin with Neuenkirk's challenge to the sufficiency of the evidence supporting his convictions, which we review *de novo*, "viewing evidence in the light most favorable to the jury's verdict, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *See United States v. King*, 898 F.3d 797, 808 (8th Cir. 2018). We will overturn a verdict "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*

First, regarding Neuenkirk's conviction for attempting to entice a minor, he contends the government failed to establish he intended to engage in illegal sexual conduct with D.W. *See United States v. Hensley*, 982 F.3d 1147, 1154 (8th Cir. 2020) (listing intent as an element of 18 U.S.C. § 2422(b)). Neuenkirk argues that one of his messages to D.W.—"Come here, but we ain't doing anything but hanging out"—demonstrated he intended only to meet with her. Yet there was ample evidence from which a reasonable jury could infer just the opposite. The record is replete with graphic messages Neuenkirk sent to D.W. expressing a desire to perform specific sexual acts with her. In other messages he asked how sexually experienced she was, whether she used birth control, and what her favorite sexual positions were.

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

At various points during their dialogue, he also made comments demonstrating his culpability, for example, asking D.W. if she was "a cop" and expressing concern that he was being "set up." Finally, when questioned by law enforcement, Neuenkirk responded he was "just trying to fuckin' hook up with somebody." Altogether, the jury possessed more than sufficient evidence to conclude Neuenkirk intended to engage in illegal sexual conduct with D.W.

Next, we consider whether sufficient evidence supported Neuenkirk's conviction for attempting to use the internet to transmit information about a minor. "[I]nformation" under 18 U.S.C. § 2425 includes the minor's name or address. *See* 18 U.S.C. § 2425. Neuenkirk contends that because he never asked for D.W.'s specific street address, he did not transmit "information" about D.W. But because Neuenkirk is charged with attempt, the government must only establish that he intended to transmit that information and took a substantial step towards doing so. *See United States v. Bernhardt*, 903 F.3d 818, 827 (8th Cir. 2018). In this case, Neuenkirk asked D.W. where she was from. When she responded that she lived "in Altoona," he asked, "where u live." When she again replied, "Altoona," he pressed, "ya but where." She responded "kinda by the casino." Later in the conversation he asked if she had siblings and what her father's name was. Based on those questions, a reasonable jury could conclude that Neuenkirk was attempting to determine D.W.'s address. Accordingly, there was sufficient evidence to sustain Neuenkirk's conviction for attempting to initiate the transmission of information concerning D.W.'s address.

Neuenkirk also challenges the substantive reasonableness of his sentence, which we review for abuse of discretion. *See United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014). A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in weighing the appropriate factors. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). We presume that his within-guidelines-range sentence is

reasonable, and Neuenkirk bears the burden to rebut that presumption. *See United States v. Phillips*, 785 F.3d 282, 284 (8th Cir. 2015).

We conclude that Neuenkirk has not rebutted the presumption of reasonableness accorded his within-guidelines sentence. At sentencing, the court properly and carefully considered the § 3553(a) factors, specifically citing mitigating factors such as Neuenkirk's difficult childhood, substance abuse, and mental health issues. It weighed those against specific aggravating circumstances, noting Neuenkirk's "troubling" criminal history and the "unquestionably serious" nature of the offense. Accordingly, we conclude that the district court did not abuse its discretion.

Affirmed.

_____