# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1941
_____

United States of America

*Plaintiff - Appellee*

v.

Vincent Alberto Barrios

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 14, 2025
Filed: August 19, 2025
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

KELLY, Circuit Judge.

After a jury convicted Vincent Alberto Barrios of multiple sex offenses involving minors, he was sentenced to life imprisonment. Barrios appeals. We affirm his conviction, but remand for resentencing.

## I.

In August 2023, Barrios started communicating with a minor named Stella on Facebook. Unbeknownst to Barrios, Stella was not a real person; rather, her Facebook account was created and operated by Matthew Almeida, a Rapid City Police Department detective working undercover. On August 3, 2023, Barrios messaged Stella, "Morning." The next day, Stella responded, "Hey Vincent!" Within a few message exchanges, Stella said, "I am 13 before you say something crazy lol." The two continued messaging back and forth, and eventually discussed meeting up later, when Barrios got off work. Before long, the conversation turned to sex. Stella asked, "Do you want to f[*]ck me?" Barrios responded with, "You want me to[?]" When Stella asked the question again, he responded, "Sure," and they texted about whether Barrios would wear a condom. Then Barrios asked Stella to send him "some nudes." Stella sent a picture of a girl wearing a T-shirt and underwear. On August 6, Barrios and Stella decided to meet at Denny's. That evening, Barrios drove toward Denny's, where law enforcement had gathered. When Barrios pulled into a hotel parking lot across the street from Denny's, law enforcement immediately arrested him and took him into custody.

On August 8, two days after his arrest, Barrios was released from custody on pretrial supervision. Within a day of his release, he blocked Stella's Facebook account and deleted some of the messages he had previously sent her. Barrios also blocked two other accounts—Nevaeh Erickson and Macie Ma—that were operated by undercover officers presenting as fourteen-year-old girls. Barrios had been texting and Facebook messaging with both accounts in early August 2023, around the same time he was messaging with Stella.

During this same time period, Barrios was also messaging with and receiving nude photos from Y.F., a real fourteen-year-old girl. Y.F. did not discuss her age with Barrios in their messages. At some point, Barrios asked Y.F. to send photos of herself. Y.F. did, sending photos that showed her exposed anus, vagina, and breasts. Barrios took screenshots of several of the photos, which he saved to his phone.

Regarding Stella, Barrios was charged with attempted sexual exploitation of a minor, 18 U.S.C. § 2251(a), (e) (Count 2); attempted enticement of a minor using the internet, § 2422(b) (Count 4); and attempted receipt of child pornography, § 2252A(a)(2)(A) (Count 6). And for Y.F., Barrios was charged with sexual exploitation of a minor, § 2251(a), (e) (Count 1); enticement of a minor using the internet, § 2422(b) (Count 3); and receipt of child pornography, § 2252A(a)(2)(A) (Count 5). No charges arose out of his communications with Nevaeh and Macie.

Before trial, the government gave notice of its intent to offer Rule 404(b) evidence. Specifically, the government sought to introduce evidence of Barrios's messages with Nevaeh and Macie. The district court overruled Barrios's objection and allowed the evidence. The jury found Barrios guilty on all counts, and the district court imposed a sentence of life imprisonment.

Barrios appeals.

II.

A.

First, Barrios challenges his convictions on Counts 3 and 5—enticement of Y.F. and receipt of child pornography from Y.F. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Perez, 61 F.4th 623, 627 (8th Cir. 2023) (quoting United States v. Acosta, 619 F.3d 956, 960 (8th Cir. 2010)). "We will overturn a conviction on appeal only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id.

On appeal, Barrios asserts there was insufficient evidence for the jury to conclude he "believed" that "Y.F. was younger than eighteen years old," which the government had to prove to convict him on the enticement count, see United States

v. Riepe, 858 F.3d 552, 559 (8th Cir. 2017) ("To convict a defendant of enticement of a minor, the government must prove beyond a reasonable doubt that the defendant . . . 'believed that the person he sought to persuade or entice was under the age of eighteen.'" (quoting United States v. Shinn, 681 F.3d 924, 931 (8th Cir. 2012))), or to support finding he "knew the visual depictions [of Y.F.] were of a minor engaging in sexually explicit conduct," an element the government was required to prove on the receipt of child pornography count, see United States v. Golden, 44 F.4th 1129, 1132 (8th Cir. 2022) ("To convict [the defendant] of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) . . . 'the government had to prove beyond a reasonable doubt that [he] knowingly received or possessed child pornography.'" (citation modified) (quoting United States v. Kelley, 861 F.3d 790, 796 (8th Cir. 2017))). The parties do not dispute that the government submitted essentially the same evidence to prove that Barrios believed or knew that Y.F. was a minor for these counts.

Y.F.'s actual age is not in dispute—born in October 2008, she was fourteen at the time of the offense conduct and fifteen at the time of trial. Instead, Barrios points out that Y.F. never told him her age when they were messaging, and that neither Y.F. nor her mother, S.F., testified they ever told him Y.F.'s age. And, he contends, the images that Y.F. sent him, on their own, are not sufficient to prove beyond a reasonable doubt that he knew Y.F. was a minor.

A reasonable jury could conclude that Barrios knew Y.F. was under the age of eighteen. Perez, 61 F.4th at 627. S.F. testified that Barrios first met Y.F. when Y.F. was a young girl, about four or five years old, though her estimates varied. According to S.F., Barrios had seen Y.F. periodically "between when she was four and 14." And Barrios stayed with her and Y.F. at their apartment for several days when Y.F. was approximately five years old. For her part, Y.F. testified that she met Barrios when she was seven, or "somewhere around there."

Additionally, S.F. testified, and evidence was introduced, that she would post photos of Y.F. on Facebook, and Barrios commented on some of them through

private messages sent to S.F. One message read, "If I f[*]cked one of your daughters, would you be mad is what I'm asking? And how would you know? LOL." S.F. responded, "Yes." Barrios followed up by responding, "What if I—what if it did happen, though, how mad would you be?" Messages between Barrios and Y.F. further support that the jury was reasonable in finding Barrios knew he was communicating with a minor. In one message to Y.F., when they were texting about "pics," Barrios told her, "Don't worry I won't tell your mom haha." These comments support the conclusion that Barrios knew Y.F. was a minor.

Barrios also had photos of Y.F. on his cell phone from July 31, 2023, less than six months before trial, and those photos were entered into evidence. And Y.F. testified at trial. Through this evidence and in-person testimony, the jury could draw its own conclusions as to whether Y.F. presented as younger or older than eighteen. Based on the evidence, a reasonable jury could find beyond a reasonable doubt that Barrios knew Y.F. was a minor.[1]

## B.

Next, Barrios argues that the district court improperly admitted evidence of his communications with Nevaeh and Macie under Federal Rule of Evidence 404(b). "We review the admission of evidence under Rule 404(b) for abuse of discretion." United States v. Brown, 88 F.4th 750, 757–58 (8th Cir. 2023) (quoting United States v. Jones, 74 F.4th 941, 949 (8th Cir. 2023)). Under this rule, evidence of a person's other acts "is not admissible to prove . . . [their] character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admitted for other purposes, such as to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). A district court abuses its

---

[1]Because the evidence was sufficient to show knowledge, the evidence was also sufficient for a reasonable jury to find Barrios believed Y.F. was a minor.

discretion when it admits evidence that is offered solely to show propensity and not introduced for a permissible purpose. Brown, 88 F.4th at 758.

"To admit evidence under Rule 404(b), it must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." United States v. Abarca, 61 F.4th 578, 581 (8th Cir. 2023) (quoting United States v. DNRB, Inc., 895 F.3d 1063, 1068 (8th Cir. 2018)). Barrios argues his messages with Nevaeh and Macie were neither relevant nor similar in kind to the charged offenses related to exploitation of a minor and receipt of child pornography and were otherwise unduly prejudicial. In Barrios's view, the contested evidence, as it pertained to Stella, "left the impression" that he was "stalking" minors online for sex and pornographic images. As it pertained to Y.F., he contends the messages went to propensity—"because Barrios reached out to other girls knowing they [we]re minors, he must have reached out to Y.F. knowing that she was a minor"—and thus should have been excluded.

The government characterizes the evidence differently. It agrees that the messages with Nevaeh and Macie "had not progressed as far" as making plans to meet or requesting nude photos, but asserts they were nevertheless "similar in nature" to his communications with Stella. The government generally describes this evidence as relevant to prove Barrios's "intent and knowledge," and "absence of mistake." But Barrios faced six counts, and the jury was variously instructed that it had to determine whether the government had proven he acted with a particular "purpose," "believed" a fact, "intended" a consequence, or "knowingly" acted. Even if the evidence was admissible for one or more purpose, the government does not identify on appeal which element of which count the Rule 404(b) evidence was relevant to prove, and we are not inclined to parse it out ourselves. See United States v. Turner, 781 F.3d 374, 390 (8th Cir. 2015) (explaining that "[s]imply asserting—without explanation—that the [evidence] is relevant to a material issue such as intent or knowledge is not enough to establish its admissibility under the Federal Rules").

We nevertheless conclude it is unnecessary to do so, because admission of the evidence was harmless. See United States v. Red Legs, 28 F.4th 931, 935 (8th Cir. 2022) ("An evidentiary error is harmless when, after reviewing the entire record, we determine that the substantial rights of the defendant were unaffected, and that the error did not influence or had only a slight influence on the verdict." (quoting United States v. Farish, 535 F.3d 815, 820 (8th Cir. 2008))). Setting the contested Rule 404(b) evidence aside, the evidence against Barrios for his conduct with Stella and Y.F. was quite strong. See Farish 535 F.3d at 820. As to the evidence on the Stella counts, she repeatedly told him she was under the age of 18. And the jury read messages between her and Barrios that expressly discussed sex, including Stella's question, "Do you want to f[*]ck me?," and Barrios's responses, "You want me to" and "I'm down for whatever." Barrios's messages to Stella also asked her to "[s]end [him] some nudes." When the two decided to meet up, Barrios agreed to Stella's texted request to bring a condom, responding back, "Ok." And when he was arrested at the meeting spot, Barrios had a condom in his pocket. This evidence was more than enough to support each element of each offense involving Stella beyond a reasonable doubt. See United States v. Cotton, 823 F.3d 430, 435 (8th Cir. 2016) (explaining that an error may be harmless if there was "ample competent evidence from which the jury could conclude beyond a reasonable doubt that the defendant was guilty even without the evidence that should have been excluded"). And contrary to Barrios's argument, for the same reasons already discussed regarding Counts 3 and 5, strong evidence supported the jury's conclusion that Barrios knew Y.F.'s age—the only disputed fact Barrios raises on appeal as to these counts.[2]

In sum, the jury did not need any of the contested evidence to reach its verdicts, and even if the Nevaeh and Macie texts had any influence on any of the verdicts, it was no more than slight. See Red Legs, 28 F.4th at 935. The texts with Nevaeh and Macie—which did not include sexually explicit content—were not

---

[2]Barrios does not meaningfully challenge Count 1, other than to say the contested evidence was generally harmful, but the evidence of Barrios's texts with Y.F. and the images she ultimately sent him are more than sufficient on their own to support this count.

unduly prejudicial, and given the strength of the evidence, they "did not have a 'substantial and injurious effect or influence in determining the jury's verdict[s].'" Riepe, 858 F.3d at 561 (quoting Turner, 781 F.3d at 391). Barrios has not shown an evidentiary error that warrants a new trial.

III.

Finally, Barrios argues that his sentence is substantively unreasonable, which we review "under an abuse of discretion standard." United States v. Dautovic, 763 F.3d 927, 934 (8th Cir. 2014). "A sentence is substantively unreasonable 'if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (quoting United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010)).

At sentencing, the district court calculated Barrios's total offense level at 50, reduced to level 43, resulting in a recommended Guidelines range of life imprisonment. See USSG Ch.5, Pt.A, comment. (n.2). Barrios did not object to the PSR and requested a sentence of 360 months. The court denied the request and sentenced Barrios to 360 months on Counts 1 and 2, life on Counts 3 and 4, and 240 months on Counts 5 and 6, all terms to run concurrently. The court also imposed a five-year term of supervised release and ordered the forfeiture of two electronic devices.

Barrios argues that the district court gave significant weight to an improper factor "when it considered the trauma placed on the victim caused by Barrios exercising his right to a trial." At sentencing, the district court said that, with "[a] lot of the child exploitation cases . . . , the defendant accepts responsibility so that the victim doesn't have to be called as a witness to be put through reminding them of everything dealing with that trauma." But, the court observed, "that didn't happen here"—Y.F. "had to testify about everything that happened to her, which just

retraumatize[d] her." Although the court recognized that Barrios "ha[d] the right to have a jury decide whether [he was] guilty or not," it concluded that it was nonetheless "fair for the [c]ourt to also consider the trauma that that places on the victim."

The government describes the court's statements as simply noting Barrios's failure to accept responsibility. It is true that a district court "may grant leniency in return for a plea of guilty, and may withhold similar leniency from a defendant who proceeds to trial." United States v. Wilcox, 487 F.3d 1163, 1175 (8th Cir. 2007); United States v. Croghan, 973 F.3d 809, 832 (8th Cir. 2020) (affirming sentence where, among other things, district court "correctly recognized that Croghan was not entitled to 'a sentence that's lower than . . . '" the sentence received by a related defendant who pleaded guilty). But it is equally true that "[a] court may not use the sentencing process to punish a defendant, notwithstanding his guilt, for exercising his right to receive a full and fair trial." Croghan, 973 F.3d at 832 (quoting United States v. Sales, 725 F.3d 458, 460 (8th Cir. 1984)).

Here, it is difficult to discern a meaningful difference between Barrios's decision to exercise his right to a jury trial and the impact that decision may have on the witnesses the government calls to testify in support of its case. The right to a trial necessarily includes the right to confront witnesses. See U.S. Const. amend. VI; see also United States v. Maloney, 102 F.4th 904, 912 (8th Cir. 2024) ("The Confrontation Clause provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" (alterations in original) (quoting United States v. Polk, 715 F.3d 238, 251 (8th Cir. 2013)). We acknowledge that the district court's sentencing decision was motivated by other § 3553(a) factors, including the severity of Barrios's conduct. See Croghan, 973 F.3d at 832. But on this record, we cannot determine how much weight the court gave to Barrios's decision to go to trial when sentencing Barrios to a term of life imprisonment—a within-Guidelines range sentence, but the maximum sentence

allowed by statute.[3] Under these circumstances, we conclude that the better course of action is to remand, to allow the district court the opportunity to determine a sentence that is sufficient, but not greater than necessary, after considering the proper sentencing factors. Because we remand, we do not address Barrios's remaining arguments concerning his sentencing.

IV.

We affirm Barrios's conviction, and remand for resentencing.

KOBES, Circuit Judge, concurring in part and dissenting in part.

The court acknowledges the standard of review but does not apply it. A district court abuses its discretion if it "gives significant weight to an improper or irrelevant factor" at sentencing. *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (citation omitted). But the majority does not say that the district court made this mistake. The most it can muster is that it "cannot determine" if something went awry.

The record is clear enough. The district court specifically acknowledged Barrios's right to trial, which is more than what happened when we affirmed the sentence in *United States v. Wilcox*, 487 F.3d 1163, 1175–76 (8th Cir. 2007). And while "[a] court may not use the sentencing process to punish a defendant,

---

[3]The dissent criticizes our inability to discern the amount of weight the district court placed on Barrios's decision to go to trial. But that very inability—in light of the district court's comments at least suggesting it gave significant weight to an improper factor—is an appropriate ground to remand for further clarification. See, e.g., United States v. Peterson, 455 F.3d 834 (8th Cir. 2006) (remanding because the record was unclear about the weight the district court placed on permissible factors in deciding defendant's sentence). Respectfully, it is *because* we do not wish to substitute our judgment for that of the sentencing court that we remand to allow the district court to explain the role this factor played in its sentencing decision.

-10-

notwithstanding his guilt, for exercising his right to receive a full and fair trial," *United States v. Croghan*, 973 F.3d 809, 832 (8th Cir. 2020), it "may grant leniency in return for a plea of guilty, and may withhold similar leniency from a defendant who proceeds to trial," *Wilcox*, 487 F.3d at 1175. The guideline sentence was life. The district court was allowed to consider the trauma to Barrios's minor victim when it denied him a lower, lenient sentence.

Barrios's sentence was harsh, but legal. We should not "substitute[] [our own] judgment for that of the sentencing court," *Concepcion v. United States*, 597 U.S. 481, 501 (2022), and overturn a "presumptively reasonable" sentence, *see United States v. Nosley*, 62 F.4th 1120, 1130 (8th Cir. 2023), when the district court did not abuse its discretion.

I would affirm the sentence. I respectfully dissent.

_____